757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1: Robert J. Boston | |
| Debtor 2: | |
| **United States Bankruptcy Court for Western  District of Pennsylvania** | /__/ check if this is an amended plan, and list section of the plan that have been changed: |
| Case No: 17-24886 TPA | Sections amended_____ |

## <u>Western District of Pennsylvania</u>
## Chapter 13 Plan Dated: December 28, 2017

To Debtors:     This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**     ***YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.***
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or if both boxes are checked on each line, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit)** | /X/ Included | /__/ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit)** | /X/ Included | /__/ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 9** | /_X_/ Included | /__/ Not Included |

**Part 2:**  **Plan Payments and Length of Plan**

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $1,600 per month for a remaining plan term of 60 months shall be paid to the trustee from future earnings as follows:

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $1,600 | $_____ | $_____ |
| D#2 | $_____ | $_____ | $_____ |

(Income attachments must be used by debtors having attachable income)          (SSA direct deposit recipients only)

**2.2   Additional payments:**

**Unpaid Filing Fees.** The balance of $310 shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

**Check One**

| | |
|---|---|
| /___/ **None.** | If "None" is checked, the rest of Section 2.2 need not be completed or reproduced |
| /_X_/ | The debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment: **additional payments as necessary from Debtor's earnings to fund increases in the plan base from mortgage payment changes.** |

**2.3      The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.**

| | |
|---|---|
| **Part 3:** | **Treatment of Secured Claims** |

**3.1      Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

| | |
|---|---|
| /X/ | If "None" is checked, the rest of Section 3.1 need not be completed or reproduced |

**3.2      Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

**Check one**

| | |
|---|---|
| /X/ | If "None" is checked, the rest of Section 3.2 need not be completed or reproduced. *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.* |

**3.3      Secured claims excluded from 11 U.S.C. § 506.**

**Check one.**

| | |
|---|---|
| /_X_/ | If "None" is checked, the rest of Section 3.3 need not be completed or reproduced. |

**3.4      Lien Avoidance**

Check one

| | |
|---|---|
| /___/ | If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.* |

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

| /X/ | The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, **by filing a separate motion**, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. |
|---|---|

| Name of creditor | Collateral | Modified Principal Balance* | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
| Ford Motor Credit (judgement lien) | Residence/Lot | 2,400 | 0 | 0 |

Insert additional claims as needed   *(If lien is wholly avoided, insert $0 for the modified principal balance)

### 3.5     Surrender of Collateral
Check one

| /X/ None | If "None" is checked, the rest of Section 3.5 need not be completed or reproduced |
|---|---|

**3.6 Secured tax claims. None.**



## Part 4:     Treatment of Fees and Priority Claims

### 4.1 General.

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se*) and the trustee to monitor any change in the percentage fees to insure that the plan is adequately funded.

### 4.3 Attorney's fees.

Attorney's fees are payable to Gary W. Short. In addition to a retainer of $0 (of which $_____ was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $6,000 is to be paid at the rate of $394 per month. Including any retainer paid, a total of $zero in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $(unknown at this time) will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

/__/   Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

### 4.4  Priority claims not treated elsewhere in Part 4.

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

**/X/ None. If "none is checked, the rest of Section 4.4 need not be completed or reproduced.**

**4.5  Priority Domestic Support Obligations not assigned or owed to a governmental unit. None.**

**4.6  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

**Check one.**

| /X_/ None. | If "None" is checked, the rest of Section 4.6 need not be completed or reproduced. |
|---|---|

**4.7  Priority unsecured tax claims paid in full: None.**

| | |
|---|---|
| **Part 5:** | **Treatment of Nonpriority Unsecured Claims** |

**5.1     Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total of $4, 900 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a *MINIMUM* of $zero shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 10%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.**

**Check one.**

| /X/ None. | If "None" is checked, the rest of Section 5.2 need not be completed or reproduced. |
|---|---|

**5.3     Post-petition utility monthly payments.  None.**

**5.4  Other separately classified nonpriority unsecured claims.**

Check one

| /X/ None. | If "None" is checked, the rest of Section 5.4 need not be completed or reproduced. | | |
|---|---|---|---|
| | | | |

| | |
|---|---|
| **Part 6:** | **Executory Contracts and Unexpired Leases** |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

| /X/ **None.** | If "None" is checked, the rest of Section 6.1 need not be completed or reproduced. |
|---|---|

| | |
|---|---|
| Part 7: | Vesting of Property of the Estate |

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

7.1   Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.

**Part 8:**          General Principles Applicable to All Chapter 13 Plans

8.1       This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2**       Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3**       The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4**       Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**       Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:
Level One:       Unpaid filing fees.
Level Two:       Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. Level Three: Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
Level Four:      Priority Domestic Support Obligations.
Level Five:      Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
Level Six:              All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
Level Seven:     Allowed nonpriority unsecured claims.
Level Eight:     Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6**       As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7**       The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8**     Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9**     Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10**    The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID***. The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

**Part 9:**     **Nonstandard Plan Provisions**

**9.1 Check "None" or List Nonstandard Plan Provisions.**

| /__/ None | If "None" is checked, the rest of Part 9 need not be completed or reproduced. |

**Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.**

*The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

*Mr. Cooper holds a first mortgage against Debtor's residence. The balance owed is approximately $163,000 with an arrearage of approximately $30,000. Debtor will participate in the Court's loss mitigation program to seek a mortgage modification. The monthly payment to be paid to Mr. Cooper during the loss mitigation process is $818.91 which is 60% of the principal and interest payment ($687.62 x 60% =$412.57) and the full monthly escrow ($406.34).*

**Part 10:**     **Signatures**

**10.1  Signatures of Debtor(s) and Debtor(s)' Attorney.**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s),order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

**By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.**

**X Robert J. Boston**          √          X_____
Signature of Debtor 1                                     Signature of Debtor 2

757 Boston OP 122717
Debtor(s) Robert J. Boston        Case number 17-24886 TPA

Executed on December 27, 2017                                Executed on_____
(MM / DD / YYYY)                                             (MM / DD / YYYY)

X  /s/ Gary W. Short_____                   Date 12/281/2017
Signature of debtor(s)' attorney                            (MM / DD / YYYY)

757 Boston OP 122717
Debtor(s) Robert J. Boston        Case number 17-24886 TPA

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

**Plan Base and Monthly Payment Calculation Table**

| | Creditor | Claim Amount | S | Int. Rate | Plan Treatment/Notes | Creditor Base |
|---|---|---|---|---|---|---|
| 1 | Mr. Cooper (6722) | LTM | | LM | 818.91* x 60 | 49,134.60 |
| | Mr. Cooper (6722) AR | 30,000.00 | | LM | | 13,740.00 |
| | Mr. Cooper (6722) AD | | | | | 0.00 |
| 2 | Regional Acceptance Corp. (= 910) | 17,000.00 | | 4.0 | 313.08 x 60 | 18,785.00 |
| 3 | GWS | 6,000.00 | | | | 6,000.00 |
| 4 | FMC (judgment) | 2,400.00 | | 4.0 | | 0.00 |
| 5 | NPCU | 49,000.00 | | | | 4,900.00 |
| | | | | | | |
| | Plan Base Without Trustee Fee | | | | | 92,559.60 |
| | Trustee Fee (4.4%) | | | | | 3,433.96 |
| | Total Plan Base (plan dated 12/28/17) | | | | | 95,993.56 |
| | Less Payments (through 12/31/17) | | | | | 0.00 |
| | Unfunded Plan Base (as of 12/31/17) | | | | | 95,993.56 |
| | Less Future Lump Sum Payments | | | | | 0.00 |
| | Unfunded Plan Base for Mo. Payment | | | | | 95,993.56 |
| | Divided by 60  Remaining Plan Months | | | | | ÷ 60 |
| | New Plan Payment (starting Jan. 2, 2018 | | | | 1600.00 | 1,599.89 |

* P/I 687.62 x .6 = 412.57 + 406.34 (E) = 818.91
Regular 687.62 + 406.34 = 1,093.96

| Client Boston | Date | B , P, G, W | P. Term: | Bal. |
|---|---|---|---|---|
| **Total Receipts** | | **GWS** | **TE** | |
| **Mo. Payment** | | **GWS** | **TE** | |
| **New Payment Starts** | | | | |
| **Confirmed** | | ☐ **ICO entered** | ☐ **CO entered** | |
| ☐ **Conciliation** ☐ **Confirm. Hear** | | **Date** | **Time** | |

☐ **Put new WM on flash**          ☐ **Need FA, put services file on flash**
☐ **Need to avoid liens.**          ☐ **Need to check calc for next CC.**
☐ **Other** _____

757 Boston OP 122717
Debtor(s) Robert J. Boston        Case number 17-24886 TPA

757 Boston OP 122717
Debtor(s) Robert J. Boston        Case number 17-24886 TPA

# Gary W. Short
### *Attorney at Law*
**212 Windgap Road**
**Pittsburgh, PA 15237**

**Telephone  (412)  765-0100**                    **garyshortlegal@gmail.com**
**Facsimile  (412)  536-3977**                     **garyshortlaw.com**

robertboston6@gmail.com                            December 27, 2017

Robert J. Boston
22 Phillips Avenue
Coraopolis, PA 15108

      Re:    Chapter 13

Dear Mr. Boston:

      Your chapter 13 case no. is 17-24886 TPA. The following is an explanation how your chapter 13 will work and some things which I need you to do.

### 1.  Documents to Review

      The first thing I need you to do is to review the your plan and other documents which I enclosed for any errors. Please call or email by no later than Noon tomorrow if you want any changes. I need you to sign the plan at page 6 and email it to me. If you do not request any changes, I will attach your signature pages and file the documents with the Court.

      **<u>I do not need you to return any of these documents other than the signature page.</u>**

### 2.  Monthly Plan Payment

      Your chapter 13 plan requires you to pay the Chapter 13 Trustee, Ronda J. Winnecour, $1600 per month for 60 months (amount may be adjusted later).  The Trustee will disburse these funds each month to your creditors.

### 3.  Creditors to be Paid

      Your plan payment covers your mortgage, auto loan, my legal fees, and $4,900 for your unsecured creditors which total about $49,000.

### 4.  1ˢᵗ Plan Payment

      Your first plan payment of **<u>$1,600 is due January 2, 2018</u>**.

      This payment should be (1) mailed to me at 212 Windgap Road, Pittsburgh, PA 15237, (2) by money orders or a cashier's check, and (3) payable to "Ronda J. Winnecour, Chapter 13 Trustee".  Edward W. Horn, III

### 5.  Remainder of Payments

The remainder of your plan payments will be funded by a wage attachment on your employer. The

Robert J. Boston
December 27, 2017
Page 2

amount which will be deducted from each pay staring in February, 2018 is $739 ($1,600 x 12 div. 26)

**6. Tax Return**

**This is very important**. You need to file any missing federal, state, and local tax returns by February 1, 2018 and **provide copies to me.**

**7. Mortgage Modification Process**

You plan payment would be about $2,200 per month if you do not participate in the Court's loss mitigation program (apply for a mortgage modification). I assume that you want to apply for a modification. Within about a week I will be emailing a request for information which I need to prepare your modification application.

If you have any questions about these matters, please give me a call.

Sincerely,


Gary W. Short

GWS/ws
Enclosures (plan, schedules, statement of financial affairs, means test, and employee gross income record)

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

# Chapter 13 Guidelines

# 5 Things You Need to Know

1.     **Electric and Gas Accounts:** These utilities will request a security deposit for a new account. You must provide the security deposit or service will be discontinued. **If the deposit request is too large, call me.**

2.     **No Borrowing During 13**: You are not permitted to borrow money during the chapter 13 without **prior** court approval.

3.     **No Selling Assets During 13**: You are not permitted to sell assets during the chapter 13 without **prior** court approval.

4.     **No Paying Pre-Petition Debts:** You are not permitted to pay pre-petition debts other than through you chapter 13 plan.

5.     **Tax Returns:** Any unfiled federal, state, or local **income** tax returns for tax years 2013 to 2016, must be filed within 120 days from your petition date.


/s/ Gary Short

757 Boston OP 122717
Debtor(s) Robert J. Boston        Case number 17-24886 TPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In Re: | ) | Case No. 17-23914 CMB | |
| | ) | | |
| Edward W. Horn, | ) | Chapter 13 | |
| | ) | | |
| Debtor. | ) | Document No. | |

## PROOF OF INCOME

I, Edward W. Horn, hereby declare under penalty of perjury that I:

\_\_     **(Tax Return or Transcript Attached)** have filed my federal tax return for the most
recent year ending immediately before the commencement of my bankruptcy case and a
copy of, or transcript of the same, is attached hereto.

\_\_     **(Tax Return Not Filed)** have **not** filed my federal tax return for the most recent year
ending immediately before the commencement of my bankruptcy case but have attached
our most recently filed return.

\_\_     **(Tax Return Not Required to be Filed)** have **not** filed my federal tax return for the
most recent year ending immediately before the commencement of my  bankruptcy case
because a tax return is not required to be filed.

\_\_     **(Proof of Income Attached)** have attached documentary proof of my income for the
most recent year ending immediately before the commencement of our bankruptcy case.

\_\_     **(No Proof of Income)** do not have documentary proof of   income for the most recent
year ending immediately before the commencement of our bankruptcy case.

\_\_     **(No Income)** did not have any income from wages, salaries, commissions, worker's
compensation, public assistance, aid to families with dependent children, alimony,
support, gambling or lottery winnings, pensions, distributions from trust funds, interest,
dividends, or other income during the year ending immediately our bankruptcy case.

/s/ Edward W. Horn                              √
Debtor:  Edward W. Horn

Mailed to Ch. 13 Trustee on _____.

757 Boston OP 122717
Debtor(s) Robert J. Boston    Case number 17-24886 TPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In Re:** | **)** | **Case No. 17-23914 CMB** |
| | **)** | |
| **Edward W. Horn,** | **)** | **Chapter 13** |
| | **)** | |
| **Debtor.** | **)** | **Document No.** |

## EMPLOYEE GROSS INCOME RECORD

Edward W. Horn


I, Edward W. Horn, hereby certify that I cannot attach copies of payment advices or other evidence of payment which I received within 60 days before the filing of the petition from my employer(s) and I  have in my possession because I do not have any. I am a self-employed painter.


_____/s/ Edward W. Horn_____    ✔
Edward W. Horn

757 Boston OP 122717
Debtor(s) Robert J. Boston          Case number 17-24886 TPA

## Gary W. Short
*Attorney At Law*
**212 Windgap Road**
**Pittsburgh, PA 15237**

**Telephone  (412)  765-0100**                    **garyshortlegal@gmail.com**
**Facsimile  (412)  536-3977**                     **garyshortlaw.com**

October 27, 2017

Edward W. Horn
25 Township Road
Pittsburgh, PA 15229

Re:  **Notice of Chapter 13 Trustee Meeting**

Dear Mr. Horn:

Enclosed is a notice from the Bankruptcy Court regarding the date and time of your  Chapter 13 Trustee meeting.  Your meeting is scheduled for:

# November 20, 2017 at 3:00 p.m.

Please note the following:

1.      **Warning: The Trustee will <u>not</u> hold the meeting if you do not bring verification of your social security number and a government issued photo identification.**

2.      **Photo Identification:** You are <u>required</u> to bring a government  issued photo identification (driver's license is what most people use).

3.      **Social Security Verification:** You must bring your social security card or other verification of your social security number (any <u>original</u> document which has your social security number is acceptable).

4.      **Location of Meeting**:  Room 3251 US Steel Tower, 600 Grant Street, Pittsburgh, PA 15219. Please arrive a little early to proceed through a security check point.

Please call to confirm that you can attend.

Sincerely,

/s/Gary W. Short
Gary Short

Enclosure: Ch. 13 Section 341 Meeting Notice

757 Boston OP 122717
Debtor(s) Robert J. Boston       Case number 17-24886 TPA

# Payment Reminder: Your first plan payment of **$400 is due October 29, 2017**. This payment should be (1) mailed to me at 212 Windgap Road, Pittsburgh, PA 15237, (2) by money orders or a cashier's check, and (3) payable to "Ronda J. Winnecour, Chapter 13 Trustee". Thereafter your payments are to made directly to the Trustee as explained in my October17, 2017 letter to you (copy enclosed).

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                          Case No. 17-24886-TPA
Robert J. Boston                                               Chapter 13
        Debtor

**CERTIFICATE OF NOTICE**

District/off: 0315-2          User: lfin          Page 1 of 2          Date Rcvd: Dec 29, 2017
                             Form ID: pdf900      Total Noticed: 36


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 31, 2017.
db            +Robert J. Boston,   22 Phillips Avenue,   Coraopolis, PA 15108-3744
14739476      +American Express Centurion Bank,   POB 3001,   Malvern, PA 19355-0701
14739477     #+Bank Of America,   Nc4-105-03-14,   Po Box 26012,   Greensboro, NC 27420-6012
14739478      +Bank One Delaware,   POB 100018,   Kennesaw, GA 30156-9204
14739479      +Barclays Bank Delaware,   100 S West St,   Wilmington, DE 19801-5015
14739487     ++CITIBANK,   PO BOX 790034,   ST LOUIS MO 63179-0034
               (address filed with court: Home Depot,   POB 9025,   Des Moines, IA 50368)
14739480      +Capital One,   Attn: General Correspondence/Bankruptcy,   Po Box 30285,
               Salt Lake City, UT 84130-0285
14739482       Citizens Bank of Pennsylvania,   Riverside, RI 02915
14739486     ++FORD MOTOR CREDIT COMPANY,   P O BOX 62180,   COLORADO SPRINGS CO 80962-2180
               (address filed with court: Ford Motor Credit,   National Bankruptcy Service Center,
               Po Box 62180,   Colorado Springs, CO 80962)
14739485      +First Data,   5565 Glenridge,   Connector NE Ste 2000,   Atlanta, GA 30342-1335
14739488      +Household Bank Corporation,   c/o eCast Settllement,   POB 35480,   Newark, NJ 07193-5480
14739489       Household Bank SB,   eCast Settllement c/o Bass & Associates,
               3969 East Fort Lowell Rd. Ste 200,   Tucson, AZ 85712
14739490      +JP Morgan Chase Bank,   Po Box 24696,   Columbus, OH 43224-0696
14739493      +MBNA American Bank,   c/o eCAST Settlement Corp.,   PO Box 35480,   Newark, NJ 07193-5480
14739495      +Nationstar Mortgage LLC,   Attn: Bankruptcy,   8950 Cypress Waters Blvd,
               Coppell, TX 75019-4620
14739496      +New Hampshire Higher Ed/Granite State Mg,   Attn: Bnakruptcy,   4 Barrell Court,
               Concord, NH 03301-8543
14739504      +Target National Bank,   3901 West 53rd Street,   Sioux Falls, SD 57106-4221
14739505      +US Dept of Education,   Attn: Bankruptcy,   Po Box 16448,   Saint Paul, MN 55116-0448
14739507      +Werrin Gruendel Boles & Eans Dentistry,   3506 5th Avenue,   Pittsburgh, PA 15213-3310
14739508     #+Xchange Leasing,   POB 122954,   Fort Worth, TX 76121-2954

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14739481      +E-mail/Text: bankruptcy@cavps.com Dec 30 2017 00:42:46      Cavalry Portfolio Services,
               Attn: Bankruptcy Department,   500 Summit Lake Ste 400,   Valhalla, NY 10595-2322
14741673      +E-mail/Text: bankruptcy@cavps.com Dec 30 2017 00:42:46      Cavalry SPV I, LLC,
               500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
14739484       E-mail/Text: mrdiscen@discover.com Dec 30 2017 00:41:39      Discover Bank,   POB 8003,
               Hilliard, OH 43026
14739483      +E-mail/Text: electronicbkydocs@nelnet.net Dec 30 2017 00:42:31      Dept Of Ed/582/nelnet,
               Attn: Claims/Bankruptcy,   Po Box 82505,   Lincoln, NE 68501-2505
14739491      +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 30 2017 00:51:46      LVNV Funding,
               c/o Resugent Capital Services,   POB 10675,   Greenville, SC 29603-0675
14739492      +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 30 2017 00:51:34      LVNV Funding, LLC,
               c/o Resugent Capital Services,   POB 10587,   Greenville, SC 29603-0587
14739494      +E-mail/Text: bknotice@ncmllc.com Dec 30 2017 00:42:35      National Capital Management,
               8245 Tournament Drive,   Memphis, TN 38125-8898
14739497       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2017 00:44:40
               Portfolio Recovery Associates,   POB 41067,   Norfolk, VA 23541
14740040      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Dec 30 2017 00:44:40
               PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
14739498      +E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Dec 30 2017 00:44:34      Regional Acceptance Corporation,
               1424 East Fire Tower Road,   Greenville, NC 27858-4105
14739499      +E-mail/PDF: resurgentbknotifications@resurgent.com Dec 30 2017 00:51:35
               Resurgent Capital Services,   POB 10587,   Greenville, SC 29603-0587
14739500      +E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2017 00:37:34      Synchrony Bank/Amazon,
               Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
14739501      +E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2017 00:37:13      Synchrony Bank/Care Credit,
               Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
14739502      +E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2017 00:37:34      Synchrony Bank/PayPal Cr,
               Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
14739503      +E-mail/PDF: gecsedi@recoverycorp.com Dec 30 2017 00:37:34      Synchrony Bank/Sams,
               Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
14739506      +E-mail/Text: bankruptcydepartment@tsico.com Dec 30 2017 00:43:03      Transworld Systems, Inc.,
               9525 Sweet Valley Drive,   Valley View, OH 44125-4237
                                                                              TOTAL: 16


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             Nationstar Mortgage LLC d/b/a Mr. Cooper
cr*           +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                              TOTALS: 1, * 1, ## 0


Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0315-2          User: lfin              Page 2 of 2           Date Rcvd: Dec 29, 2017
                             Form ID: pdf900          Total Noticed: 36
```

```
            ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 31, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 28, 2017 at the address(es) listed below:
        Gary William Short    on behalf of Debtor Robert J. Boston garyshortlegal@gmail.com,
         gwshort@verizon.net
        James  Warmbrodt    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper
         bkgroup@kmllawgroup.com
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                              TOTAL: 4